IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY ELIZABETH ROY BRITTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-cv-0504-MJR-DGW |
| | ) |
| BAXTER HEALTHCARE CORP., | ) |
| HOSPIRA, INC., | ) |
| ABBOTT LABORATORIES, INC., | ) |
| PFIZER, INC., | ) |
| PARKE-DAVIS, | ) |
| WARNER-LAMBERT COMPANY, | ) |
| WARNER-LAMBERT COMPANY, LLC., | ) |
| MYLAN BERTEK | ) |
|     PHARMACEUTICALS, INC., | ) |
| MYLAN PHARMACEUTICALS., INC. | ) |
| MYLAN, INC., | ) |
| MYLAN LABORATORIES, | ) |
| MALLINCKRODT, INC., | ) |
| MERCK & CO., INC., | ) |
| and WYETH, INC., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER ON
THRESHOLD JURISDICTIONAL REVIEW

REAGAN, District Judge:

On July 9, 2010, Mary Roy Britton, the administrator of the estate of Janie Roy, filed suit in this United States District Court. Britton named as Defendants fourteen companies who manufactured, labeled, marketed, or sold certain prescription medications. The names of the precise drugs do not readily appear on the face of the 33-page complaint, but the medications allegedly are used to treat Stevens Johnson Syndrome and/or Toxic Epidermal Necrolysis.

The case was randomly assigned to the Honorable William D. Stiehl. Following Judge Stiehl's recusal, the case was reassigned to the undersigned District Judge and became ripe for threshold review upon the entry of appearance by one of the named Defendants on July 23, 2010.

This Court's first task is to verify that subject matter jurisdiction lies. *See, e.g., Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010); *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 740 (7th Cir. 2007). Plaintiff Britton invokes subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332, which requires complete diversity between the parties and an amount in controversy exceeding $75,000. Although the amount in controversy clears the over-$75,000 hurdle, the complaint omits certain information the Court needs to verify that the parties are completely diverse.

First, the complaint does not establish the citizenship of Janie Roy. We are told that Janie died in Kentucky, and we are told that her administrator (Britton) resides in Kentucky. Residence does not equate to citizenship, and for diversity purposes it is Janie's citizenship (not Britton's) which matters. See 28 U.S.C. 1332(c)(2).

Furthermore, the complaint fails to state the <u>state of incorporation</u> and the <u>principal place of business</u> for each of the 13 corporate Defendants. As to the LLC Defendant, the complaint does allege the relevant information as to the sole member of the LLC (Pfizer, Inc.). But critical information is missing as to several

of the corporate Defendants, including Hospira's principal place of business and Abbott's principal place of business.

Accordingly, the Court DIRECTS Plaintiff Britton to file a Jurisdictional Memorandum clearly stating the citizenship of each and every party to this litigation. The Jurisdictional Memorandum shall be filed by August 26, 2010.

IT IS SO ORDERED.

DATED July 26, 2010.

s/ Michael J. Reagan<br>
MICHAEL J. REAGAN<br>
United States District Judge